# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 30 2015, 7:54 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Tommy E. Foster,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 30, 2015

Court of Appeals Case No.
79A02-1505-CR-451

Appeal from the Tippecanoe
Superior Court

The Honorable Randy J. Williams,
Judge

Trial Court Cause No.
79D01-1401-FC-2

**Najam, Judge.**

## Statement of the Case

Tommy E. Foster appeals his sentence following his conviction for child solicitation, as a Class C felony, and for being a habitual offender following a guilty plea. Foster raises a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of his offenses and his character. We affirm.

## Facts and Procedural History

In January of 2014, Foster posted an advertisement on Craigslist seeking a sexual partner and stating that "age," among other things, was "not important." Appellant's App. at 53. Lafayette Police Department Sergeant Gossard,[1] posing as a thirteen-year-old girl, responded to Foster's advertisement. When informed of Sergeant Gossard's purported age, Foster responded that he was "cool with your age" and then asked Sergeant Gossard if "she" would perform oral sex. *Id.* Foster and Sergeant Gossard exchanged several other sexually explicit messages thereafter. Eventually, Foster arranged to meet with Sergeant Gossard for the purpose of engaging in sexual activity. At the arranged time and place, a local Wendy's restaurant on the afternoon of January 17, Lafayette Police Department Detective Pinkard[2] located and arrested Foster.

---

[1] Sergeant Gossard's first name is not in the record on appeal.

[2] Detective Pinkard's first name is not in the record on appeal.

[3] On January 22, the State charged Foster, in relevant part, with child solicitation, as a Class C felony, and for being a habitual offender. Foster pleaded guilty to those two charges pursuant to a written plea agreement, which called for an aggregate executed sentence between eight and twelve years. The trial court accepted the plea agreement and sentenced Foster to six years for child solicitation and five years for being a habitual offender, for a total term of eleven years executed. In entering Foster's sentence, the court stated:

> The Court finds as mitigating factors the defendant plead [sic] guilty and accepted responsibility, the defendant has family support[,] and the defendant has mental health issues.

> The Court finds as aggravating factors the defendant has a criminal history, fifteen (15) Petitions to Revoke Probation were filed with eight (8) found to be true, the defendant was on probation at the time of the commission of the instant offense, the defendant has been unsuccessfully released from probation[,] and the defendant has a history of substance abuse.

> The Court further finds that the aggravating factors outweigh the mitigating factors.

*Id.* at 24. This appeal ensued.

## Discussion and Decision

[4] Foster contends that his sentence is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is

inappropriate in light of the nature of the offense and the character of the offender." We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). The principal role of appellate review is to attempt to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

[5] We initially note that, had he gone to trial, Foster faced a maximum possible term of twenty years for a Class C felony conviction and for being found to be a habitual offender. *See* Ind. Code §§ 35-50-2-6, -8 (2013). However, pursuant to Foster's plea agreement, the maximum possible term to which the court could have sentenced him was twelve years. And, despite finding six aggravators to outweigh three mitigators, the court actually sentenced Foster to a total term of eleven years.

[6] With respect to the nature of the offenses, Foster argues that "the police facilitated an offense that was not [Foster's] original intent," and that the offense occurred "only after police had whetted [his] appetite for a sexual encounter." Appellant's Br. at 5. Foster further argues that he was "only minimally eligible for the habitual offender enhancement." *Id.* And, with respect to his character, Foster emphasizes his mental illness and downplays his criminal history.

[7]     We cannot say that Foster's eleven-year aggregate sentence is inappropriate with respect to the nature of the offenses. Foster's arguments on this issue ignore the fact that his Craigslist request for a sexual encounter stated that "age," among other things, was "not important." Appellant's App. at 53. Foster also ignores the fact that he stated that he was "cool with your age" when he believed the person responding to his request was a thirteen-year-old girl. *Id.* Further, Foster sent numerous sexually explicit messages to a person he believed to be a thirteen-year-old girl, and he eventually arranged to meet his target in the hope of furthering his desires. And Foster's habitual-offender enhancement was for five years, or one year above the minimum enhancement required by law and seven years below the maximum enhancement permitted. *See* I.C. §§ 35-50-2-6, -8.

[8]     Neither can we say that Foster's sentence is inappropriate in light of his character. The trial court has already considered Foster's mental illness vis-à-vis his criminal record. And Foster has an extensive criminal history, which includes twenty convictions and numerous probation violations. And he was on probation at the time of the instant offenses. After considering both the nature of the offenses and the character of the defendant, we conclude that this sentence is not inappropriate. We affirm Foster's sentence.

[9]     Affirmed.

Riley, J., and May, J., concur.